

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00695-CR

Noah **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CR-005604
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:    Irene Rios, Justice
            Lori I. Valenzuela, Justice
            Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2025

DISMISSED

Pursuant to a plea-bargain agreement, appellant Noah Castillo pled no contest to one count of evading arrest with a vehicle and, in accordance with the terms of his plea-bargain agreement, was placed on deferred adjudication community supervision for five years. On September 15, 2025, the trial court signed a certification of defendant's right to appeal stating "the defendant has waived the right of appeal" and this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Castillo filed a notice of appeal, the trial court clerk

sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Castillo. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and Castillo does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

On November 24, 2025, we informed Castillo that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that Castillo has the right to appeal was made part of the appellate record. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). To date, Castillo has not responded to our order and no such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure.

PER CURIAM

DO NOT PUBLISH